```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MARTIN HABER,

        Plaintiff,

  -against-

EOS CCA,

        Defendant.

20-CV-6637 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    In a Report and Recommendation to the Hon. Alison J. Nathan dated October 14, 2020 (R&R) (Dkt. No. 19), I recommended that plaintiff's "Opposition to Notice of Motion to Move Case to U.S. District Court" (Opposition) (Dkt. No. 9), construed as a motion to remand, be granted and that this action be remanded to the State Court, because plaintiff did not assert any federal claims in his original Complaint (Dkt. No. 1-1). R&R at 8. A remand order would moot defendant's motion for a more definite statement (Dkt. No. 5), made pursuant to Fed. R. Civ. P. 12(e). R&R at 1.

    Hours after the R&R was issued, plaintiff's Amended Complaint (Dkt. No. 20) was entered onto the docket and assigned a filing date of October 13, 2020. In his Amended Complaint, plaintiff explicitly seeks relief pursuant to multiple federal statutes, including 12 U.S.C. §§ 5531, 5536(a)(1), 12 U.S.C. § 1681s-2, and 15 U.S.C. § 1692e. *See* Amend. Compl. at 1. However, the pleading is entirely conclusory. Plaintiff does not allege any of the facts necessary to state a cognizable claim under any of the statutes he now invokes. Accordingly, it is HEREBY ORDERED that:

1. The October 14, 2020 R&R is VACATED. Plaintiff's remand motion is deemed WITHDRAWN.

2. Plaintiff is directed to file a Second Amended Complaint, in compliance with Fed. R. Civ. P. 8 and other federal pleading standards, no later than **November 12, 2020**. Plaintiff's Second Amended Complaint must include a short and plain statement of the *facts* supporting each claim he asserts against the defendant. A federal complaint must tell the Court: *what* the defendant did to violate each of the statutes under which plaintiff seeks relief; *who* committed the violations on defendant's behalf; *when* such violations occurred; and *how* plaintiff was injured thereby. Thus, to the extent possible, the pleading must:

    a. give the names and titles of all relevant persons;

    b. identify the debts, if any, that defendant attempted to collect from plaintiff;

    c. succinctly describe all relevant events (with dates and times), including any letters, notices, telephone calls, or other communications plaintiff received from defendant's representatives (written communications may be attached to

       the complaint), and any other conduct by defendant that plaintiff alleges to have been unlawful and to have injured him;

    d. explain how defendant's acts or omissions violated the statutes pursuant to which plaintiff seeks relief; and

    e. state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief, and explain why plaintiff is entitled to that relief.

3. In light of the Amended Complaint and the forthcoming Second Amended Complaint, defendant's motion for a more definite statement (Dkt. No. 5) is deemed WITHDRAWN. Defendant may renew that motion, or otherwise respond to plaintiff's pleading, within **14 days** after the Second Amended Complaint is entered on the docket of this action. If plaintiff fails to timely file a Second Amended Complaint, defendant may renew its Rule 12(e) motion, or otherwise respond to plaintiff's Amended Complaint, on or before **November 19, 2020.**

Chambers will mail a copy of this order to plaintiff Haber.

Dated: New York, New York
October 15, 2020                                        **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**