UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MARTIN HABER,

          Plaintiff,

-against-

COLLECTO, INC. d/b/a EOS CCA,

          Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2020
```

20-CV-6637 (AJN) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Defendant Collecto, Inc. d/b/a/ EOS CCA (EOS CCA), a collection agency, has repeatedly moved pursuant to Fed. R. Civ. P.12(e) for a more definite statement, arguing that all of the pleadings filed by *pro se* plaintiff David Martin Haber – including his original state court Summons with Endorsed Complaint (Compl.) (Dkt. No. 1-1), his Amended Complaint (Dkt. No. 20), and now his Second Amended Complaint (SAC) (Dkt. No. 24) – are so vague and ambiguous that defendant cannot reasonably prepare a response. Although the SAC was untimely filed, and is strikingly short on facts "showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it includes, as attachments, two EOS CCA collection notices referencing a specific debt, in the amount of $379.33, originally owed by plaintiff to Verizon, and for that reason clears the bar of Rule 12(e). Therefore, as discussed in more detail below, the Court will accept the SAC for filing, deny defendant's Rule 12(e) motions, and direct defendant to answer the SAC – or move to dismiss it pursuant to other applicable subsections of Rule 12 – no later than **January 5, 2021**.

    No further amended pleadings will be accepted, pending further order of the Court.

## Background

    Plaintiff's state court complaint asserted a "[f]alse collection agency claim by a fraudulent unlicensed collection agency in New York State." Compl. at ECF page 2. According to plaintiff, EOC CCA made a "fraudulent attempt to defraud claimant of funds not owed." *Id*. Plaintiff demanded

a judgment in the amount of $25,000, but provided no further information about the factual basis for his claim. *Id*.

On August 19, 2020, defendant removed the case to this Court on federal question grounds,[2] and on August 24, 2020, defendant moved pursuant to Rule 12(e) for a more definite statement. (Dkt. No. 5.) On October 13, 2020, while that motion remained pending, plaintiff filed his Amended Complaint, which explicitly sought relief under the FDCPA and other federal statutes and demanded a judgment in the amount of $460,000. Once again, however, plaintiff provided no further information about the factual basis of his claim. *Id*. at 1.

By Order dated October 15, 2020 (Oct. 15 Order) (Dkt. No. 21), the Court noted that the Amended Complaint was "entirely conclusory" and directed plaintiff to "file a Second Amended Complaint, in compliance with Fed. R. Civ. P. 8 and other federal pleading standards, no later than **November 12, 2020**." Oct. 15 Order ¶ 2 (emphasis in the original). The Court explained:

> A federal complaint must tell the Court: *what* the defendant did to violate each of the statutes under which plaintiff seeks relief; *who* committed the violations on defendant's behalf; *when* such violations occurred; and *how* plaintiff was injured thereby. Thus, to the extent possible, the pleading must:
>
> a.   give the names and titles of all relevant persons;
>
> b.   identify the debts, if any, that defendant attempted to collect from plaintiff;
>
> c.   succinctly describe all relevant events (with dates and times), including any letters, notices, telephone calls, or other communications plaintiff received from defendant's representatives (written communications may be attached to the complaint), and any other conduct by defendant that plaintiff alleges to have been unlawful and to have injured him;
>
> d.   explain how defendant's acts or omissions violated the statutes pursuant to which plaintiff seeks relief; and

---

[2] Although the Complaint did not identify the statute(s) under which plaintiff sought relief, defendant removed on the theory that the case arose "in part, under the Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1692, *et seq*." Pet. for Removal (Dkt. No. 1) ¶ 4.

   e.  state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief, and explain why plaintiff is entitled to that relief.

*Id.* ¶ 2.

Deeming defendant's first Rule 12(e) motion withdrawn, the Court granted leave to "renew that motion, or otherwise respond to plaintiff's pleading, within 14 days after the Second Amended Complaint is entered on the docket of this action." Oct. 15 Order ¶ 3. In the event that plaintiff failed to timely file a Second Amended Complaint, the Court granted leave for defendant to "renew its Rule 12(e) motion, or otherwise respond to plaintiff's Amended Complaint, on or before **November 19, 2020**." *Id.* (emphasis in the original).

November 12 came and went with no sign of plaintiff's SAC. On November 18, 2020, defendant timely filed its second Rule 12(e) Motion (Dkt. No. 22), arguing that the Amended Complaint, like plaintiff's original state court pleading, was "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Def. R. 12(e) Mem. of Law (Dkt. No. 23) at 3-4 (quoting *Kok v. UNUM Life Ins. Co.*, 154 F. Supp. 2d 777, 782 (S.D.N.Y. 2001)).

Two weeks later, on December 3, 2020, plaintiff filed his SAC. For the most part, he ignored the guidelines set forth in the October 15 Order.[3] Indeed, although the Amended Complaint listed various federal statutes under which plaintiff sought relief, those references have

---

[3] Plaintiff's substantive allegations read, in full, as follows:

1. The defendant after plaintiff disputed the money owed claim EOS CCA continued harassing me with robo calls.
2. Plaintiff was subjected to abuse of power by ECO CCA.
3. Defendant knowlinling filed a disputed unfair false claim to the crdit bureau's.
4. As a 83 year old DAV protection group member their actions are a violation of a senior plaintiff without bebefit of counsler respectfully ask this Court for a judgment of $460,000 judgment and for all othere relief the Court deemd just and proper.

SAC at 1 (spelling and punctuation as in the original).

been stripped from the SAC, which does not identify the statutory basis of any of plaintiff's claims. However, the SAC does include, as attachments, two collection notices sent to plaintiff by EOS CCA, both arising out of a debt in the amount of $379.33 originally owed to Verizon. SAC Ex. 1, at ECF pages 3-5.

Most recently, on December 11, 2020, defendant filed a motion to strike the SAC as untimely or, in the alternative, to renew (or re-renew) its Rule 12(e) motion as to the SAC. (Dkt. No. 25.) Defendant argues, among other things, that plaintiff should be ordered to file yet another amended pleading because the SAC "does not cite to any federal statutes" and "the facts contained therein are exceedingly generic and vague." Def. Mem. of Law (Dkt. No. 26) at 6-7.

## Analysis

"A motion for a more definite statement under Rule 12(e) is non-dispositive," *Rohring v. Pegasus Support Servs., LLC*, 2020 WL 2465091, at *1 n.1 (W.D.N.Y. May 13, 2020), and may therefore be decided by a magistrate judge pursuant to Fed. R. Civ. P. 72(a).

"The solicitude afforded to *pro se* litigants . . . embraces relaxation of the limitations on the amendment of pleadings." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting cases). Accordingly, although plaintiff's SAC was late, and submitted without leave, the Court exercises its discretion to overlook these defects, accepts the SAC for filing, and denies defendant's motion to strike it as untimely. Defendant's second Rule 12(e) motion, which was aimed at the Amended Complaint, must therefore also be denied, as moot.

The Court recognizes that defendant expended effort and attorney's fees preparing its second Rule 12(e) motion, in good faith reliance on the schedule set forth in the October 15 Order. Were the Court to strike the SAC on timeliness grounds, however, and grant defendant's second Rule 12(e) motion, the resulting order would simply require plaintiff to do what he has already done – submit a further amended pleading, *see* Fed. R. Civ. P. 12(e); 5C Arthur R. Miller, Mary

4

K. Kane, & A. Benjamin Spencer, *Federal Practice & Procedure* § 1379 (3d ed. 2020) – which would neither advance the case nor comport with Fed. R. Civ. P. 1, which requires me to construe, administer, and employ the Federal Rules so as "to secure the just, speedy, and inexpensive determination of every action and proceeding."

By the same token, it would be inconsistent with the dictates of Rule 1 for this Court to grant the alternative relief sought by defendant, pursuant to Rule 12(e), and require plaintiff to file what would be his third amended complaint. As defendant notes, *see* Def. Mem. at 7, plaintiff has had multiple opportunities to submit a complaint in compliance with federal pleadings standards. Plaintiff has also had the benefit of defendant's first two motions for a more definite statement (both of which "point[ed] out the defects complained of," Fed. R. Civ. P. 12(e)), and this Court's October 15 Order, which provided specific guidance for filing a cognizable claim. The Court concludes, on this record, that the SAC is the most definite statement of his claim that plaintiff is able (or willing) to produce. The Court further concludes that requiring him to replead would only exacerbate the "deliberate undue delay" that defendant contends plaintiff is causing. *Id.*; *see Williams v. City of New Rochelle*, 2014 WL 2445768, at *2 (S.D.N.Y. May 29, 2014) ("As a general matter, Rule 12(e) motions are disfavored because they can be used as a tool for delay.")

Moreover, while the SAC may be deficient in various respects, the attached collection notices adequately "inform the defendant of the general nature of the action and as to the incident out of which a cause of action arose." *John J. Kirlin, Inc. v. Conopoc, Inc.*, 1995 WL 15468, at *3 (S.D.N.Y. Jan. 17, 1995) (quoting *Bower v. Weisman,* 639 F. Supp. 532, 538 (S.D.N.Y. 1986)); *see also Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 35 (S.D.N.Y. 1992) ("Rule 12(e) is designed to remedy unintelligible pleadings, not to correct for lack of detail."), *aff'd,* 23 F.3d 398 (2d Cir. 1994). If defendant believes that the SAC fails to state a claim upon which relief may be granted, it can move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which – unlike Rule 12(e) – may, if

successful, result in an order dismissing the challenged pleading outright. *See* 5C *Federal Practice & Procedure*, *supra*, § 1376 ("If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) even if the pleading is vague or ambiguous.").

## Conclusion

For the reasons discussed above, defendant's motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) as to the Amended Complaint (Dkt. No. 22) is DENIED AS MOOT. His motion to strike, or alternatively for a more definite statement pursuant to Fed. R. Civ. P. 12(e) as to the SAC (Dkt. No. 25), is DENIED. Defendant shall answer or move with respect to the SAC no later than **January 5, 2021**.

Pending further order of the Court, **no further amended pleadings will be accepted**,

Chambers will mail a copy of this Memorandum and Order to the *pro se* plaintiff.

Dated: New York, New York
December 11, 2020

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**