UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/21

David Martin Haber,

      Plaintiff,

  –v–

EOS CCA, *et al.*,

      Defendants.

20-cv-6637 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

  *Pro se* Plaintiff brings a complaint against Defendant EOS, asserting what the Court construes to be claims under the Fair Debt Collection Practices Act. EOS has filed a motion to dismiss for failure to state a claim and for attorney's fees. For the reasons that follow, that motion is GRANTED IN PART and DENIED IN PART.

I. **BACKGROUND**

  Plaintiff David Martin Haber filed a complaint on July 8, 2020 in Civil Court in New York City against Defendant EOS CCA, a debt collection agency, for fraud in the amount of $25,000. Dkt. No. 26-1. EOS removed the case to this Court. Dkt. No. 1. Plaintiff has since twice amended his complaint. Dkt. Nos. 20, 24. In the Second Amended Complaint, Plaintiff alleges that: (1) after he disputed claims of money owed, EOS "continued harassing me with robo calls", (2) "Plaintiff was subjected to abuse of power by" EOS, (3) EOS "knowingly filed a disputed unfair false claim to the cr[e]dit bureau[]s", and (4) because Plaintiff is a "83 year old DAV protection group member" EOS's actions are "a violation of a senior plaintiff." Dkt. No. 24 at 1. Plaintiff requests a $460,000.00 judgment. *Id.* Plaintiff also attaches some documents to his complaint, which appear to be: two notices from EOS (only one of which is addressed to

Plaintiff), a copy of some website pages, a copy of an online article from 2015 about a lawsuit against EOS, and a copy of a judgment in a case the Consumer Financial Protection Bureau brought against EOS in 2015. *Id.* at 2–43.

EOS moved to dismiss Plaintiff's complaint for failure to state a claim and for attorney's fees. Dkt. No. 30. Plaintiff did not file an opposition. Plaintiff instead filed a "demand for trial by jury" and a request for the Court "to set this cause of action for expedited jury trial," which Magistrate Judge Moses denied. Dkt. Nos. 35, 39, 38. Plaintiff also filed two motions for Judge Moses to recuse herself, which Judge Moses also denied. Dkt. Nos. 40, 42, 45.

## II. DISCUSSION

Before the Court is EOS's unopposed motion to dismiss Plaintiff's complaint with prejudice and for attorney's fees. For the reasons discussed below, the Court determines that Plaintiff has failed to state a claim and his complaint should be dismissed with prejudice. The Court denies EOS's request for attorney's fees.

### A. Plaintiff has failed to state a claim for relief

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff is not required to provide "detailed factual allegations" in the complaint. *Twombly*, 550 U.S. at 555. To survive a 12(b)(6) motion, however, a plaintiff must nonetheless assert "more than labels and conclusions." *Id.* Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

When a plaintiff is proceeding *pro se*, the Court holds the pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Boddie v. Schneider*, 105 F.3d 857, 860 (2d Cir. 1997) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). That is, the Court will liberally construe the complaint. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). Notwithstanding this, "[t]he duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Kirk v. Heppt*, 532 F. Supp. 2d 586, 590 (S.D.N.Y. 2008) (alteration in original) (citation omitted). If a *pro se* plaintiff has not pled sufficient facts to state a claim that is plausible on its face, the Court must dismiss his complaint. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Moreover, even where a plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, as Plaintiff has here, "automatic dismissal is not merited." *Evans v. Aramark Food*, No. 14-CV-6469 (NSR), 2016 WL 1746060, at *2 (S.D.N.Y. Apr. 28, 2016). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).

Plaintiff has failed to plausibly allege any claims against EOS in his Second Amended Complaint. Nowhere does Plaintiff identify any federal or state statue which he claims EOS violated or any common law causes of action. Even reading the complaint liberally to assert causes of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, Plaintiff has not provided any non-conclusory factual allegations supporting a claim under that statute or any other law.

The body of Plaintiff's complaint consists of four wholly conclusory sentences that are insufficient to state a claim for relief. Plaintiff's assertion that EOS was "harassing" him with robocalls is entirely conclusory, as he does not identify how and when EOS made such calls,

what was said in the calls, or how many times such calls were made. Dkt. No. 24 at 1. His assertion that he was "subjected to abuse of power" by EOS is also a conclusion devoid of any factual support and a legal argument, which the Court is not obligated to accept as true. *Ashcroft*, 556 U.S. at 678. Likewise, his assertion that Defendant "knowingly filed a disputed unfair false claim to the cr[e]dit bureau[]" is unaccompanied by a single supporting fact, such as the what the false claim was and when it was made. And lastly, the Court is unable to discern the meaning of Plaintiff's assertion that he is an "83 year old DAV protection group member" and that EOS's actions "are a violation of a senior plaintiff," which in any event is also conclusory and devoid of supporting allegations. Dkt. No. 24 at 1.

Plaintiff also attaches a few documents to his complaint, but they do not cure its glaring deficiencies. Plaintiff does not even attempt to explain what any of these documents are. Nor do any of the documents appear to support any claims for relief from their face. While one document appears to be a notice from EOS to Plaintiff regarding an offer to settle a debt from 2019, there is nothing from the face of this document that suggests a violation of the Fair Credit Reporting Act or any other law.

Therefore, while the Court affords Plaintiff the special solicitude given *pro se* litigants by construing his complaint as liberally as possible, "[t]he Court cannot re-write Plaintiff's pleadings to allege facts that Plaintiff has not pled." *Lurch v. City of New York*, No. 19-CV-11253 (AJN), 2021 WL 1226927, at *6 (S.D.N.Y. Mar. 31, 2021) (cleaned up). Plaintiff's complaint is entirely devoid of factual allegations supporting a claim for relief and his complaint must be dismissed.

### B. Amendment would be futile

EOS argues that any dismissal should be with prejudice. District courts "ha[ve] broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Generally, leave to amend should be freely given when justice so requires, *see* Fed R. Civ. P. 15(a)(2), and "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks omitted). Conversely, the Court "need not grant leave to amend" where "there is no indication that a valid claim might be stated after a liberal reading of a *pro se* plaintiff's complaint." *White v. Wells Fargo Bank, N.A*., 2019 WL 3334533, at *9 (D. Conn. July 25, 2019); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

The Court determines that further amendment would be futile. Plaintiff has already amended his complaint twice in this Court, and both amendments were in response to motions by EOS for a more definite statement. Dkt. Nos. 5, 20, 22, 24. And prior to the Second Amended complaint, Judge Moses warned Plaintiff very clearly in layman's terms that he needed to state in his complaint "*what* the defendant did to violate each of the statutes under which plaintiff seeks relief; *who* committed the violations on defendant's behalf; *when* such violations occurred; and *how* plaintiff was injured thereby," and specifically told him to include facts such as the names and titles of all relevant persons and the specific debts that defendant attempted to collect from Plaintiff. Dkt. No. 21 at 1. Plaintiff then filed a Second Amended Complaint and declined to include any of this information. Therefore, because Plaintiff has had ample notice of the

deficiencies in his complaint but has failed to rectify them, the Court will dismiss with prejudice and deny leave to amend.

### C. The Court will not award EOS attorney's fees

In addition to dismissal, EOS moves for attorney's fees under the Fair Debt Collection Practices Act. The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "[A] party must demonstrate bad faith with specific factual findings" showing that the other party's "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Hayles v. Aspen Properties Grp., LLC*, No. 1:16-CV-08919-MKV, 2020 WL 5764371, at *3 (S.D.N.Y. Sept. 28, 2020) (cleaned up) (quoting *Enmom v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012); *Eisemann v. Greene*, 204 F.3d 393, 396–97 (2d Cir. 2000)).

EOS has not made an adequate showing that Plaintiff filed the suit in bad faith and for the purpose of harassment. While EOS argues that Plaintiff has continually failed to file a complaint that complies with basic pleading requirements despite clear instructions from the Court, EOS has not provided any facts supporting that this failure was a result of bad faith intention to harass as opposed to general incompetence. Therefore, the Court will not grant attorney's fees.

## III. CONCLUSION

For the reasons stated above, EOS's motion is GRANTED IN PART and DENIED IN PART. The Court grants EOS's motion to dismiss Plaintiff's complaint with prejudice. EOS's motion for attorney's fees under 15 U.S.C. § 1692k(a)(3) is denied. This resolves Dkt. No. 30.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum Opinion & Order to the Plaintiff, note that mailing on the public docket, enter judgment, and close this case.

SO ORDERED.

Dated: September 27, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge